UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PENNY LYNN SOUTH,

    Plaintiff,

v.                                                         Case No. 2:19-cv-627-SPC-NPM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## REPORT AND RECOMMENDATION

Before the Court is an Unopposed Petition for EAJA Fees (Doc. 34). Plaintiff Penny Lynn South represents the Commissioner has no objection to the relief sought. (Doc. 34, p. 4). For the reasons below, this Report recommends the petition be granted in part.

On May 11, 2021, the Court entered an Order (Doc. 32), reversing and remanding this action to the Commissioner to: "assign a different administrative law judge (ALJ), provide Plaintiff with the opportunity for a hearing before the newly assigned ALJ to further evaluate Plaintiff's claims, and issue a new decision." (Doc. 32, p. 1). Thus, under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), South filed a request for an award of $8,212.49 in attorney's fees, $400.00 in costs, $20.85 in expenses, and $24.00 in paralegal fees. (Doc. 34, p. 1).

In order for South to receive an award of fees under EAJA, the following five conditions must be established: (1) South must file a timely application for attorney's fees; (2) South's net worth must have been less than $2 million dollars at the time the Complaint was filed; (3) South must be the prevailing party in a non-tort suit involving the United States; (4) the position of the United States must not have been substantially justified; and (5) there must be no special circumstances that would make the award unjust. 28 U.S.C. § 2412(d); *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990). Upon consideration and with no opposition by the Commissioner on eligibility grounds, this Report finds all conditions of EAJA have been met.

EAJA fees are determined under the "lodestar" method by determining the number of hours reasonably expended on the matter multiplied by a reasonable hourly rate. *Jean v. Nelson*, 863 F.2d 759, 773 (11th Cir. 1988). The resulting fee carries a strong presumption that it is a reasonable fee. *City of Burlington v. Daque*, 505 U.S. 557, 562 (1992). After review of the services provided, this Report finds 39.50 hours expended by attorneys Carol Avard and Mark Zakhvatayev are reasonable. (Doc. 34, p. 3; Doc. 34-1, pp. 12-14).

EAJA fees are "based upon prevailing market rates for the kind and quality of services furnished," not to exceed $125 per hour unless the Court determines an increase in the cost of living, or a special factor justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). Thus, determination of the appropriate hourly rate is a two-step

2

process. The Court first determines the prevailing market rate; then, if the prevailing rate exceeds $125.00, the Court determines whether to adjust the hourly rate. *Meyer v. Sullivan*, 958 F.2d 1029, 1033-34 (11th Cir. 1992). The prevailing market rates must be determined according to rates customarily charged for similarly complex litigation and are not limited to rates specifically for social security cases. *Watford v. Heckler*, 765 F.2d 1562, 1568 (11th Cir. 1985). South requests hourly rates of $205.00 for 2019, $207.50 for 2020, and $213.75 for 2021, which are unchallenged by the Commissioner. (Doc. 34, pp. 2-3).

South also requests $400.00 in costs, $20.85 in expenses, and $24.00 in paralegal fees. South seeks $400.00 in costs for the filing fee. (Doc. 34-1, p. 14). Pursuant to 28 U.S.C. § 2412 and as enumerated in 28 U.S.C. § 1920, this cost is permitted to be awarded to the prevailing party. Therefore, the Court awards $400.00 in costs. South requests $20.85 in expenses for mailing. (Doc. 34-1, p. 14). These expenses appear reasonable and within the discretion of the Court to award, and will therefore be awarded as well. *See Volk v. Astrue*, No. 3:11-cv-533-J-TEM, 2012 WL 5387967, *1 (M.D. Fla. Nov. 2, 2012) (finding the costs of mailing to file the complaint and for service of summons reasonable and awardable).

Finally, South seeks reimbursement for paralegal fees. According to the time records, the paralegal spent .4 hours at $60.00 per hour electronically filing two responses. (Doc. 34-1, p. 13). "Awarding fees for this time is unwarranted because

electronically filing a document is a clerical task subsumed in an attorney's fee." *Langer on Behalf of Langer v. Comm'r of Soc. Sec.*, No. 8:19-cv-1273-T-24PDB, 2020 WL 7210026, *4 (M.D. Fla. Nov. 20, 2020), *report and recommendation adopted*, No. 8:19-cv 273-T-24PDB, 2020 WL 7138571 (M.D. Fla. Dec. 7, 2020).

South filed an Attorney Fee Contract for Social Security Benefits/SSI Fee Agreement – Federal Court (Doc. 38-2). The Agreement provides: "[South] hereby assign[s] any court awarded EAJA attorney fees and costs, for federal court work only, to my attorney." (Doc. 34-2). Thus, the fees awarded should be paid directly to counsel if the United States Department of Treasury determines that no federal debt is owed by South.

Accordingly, this Report recommends the unopposed petition for EAJA fees (Doc. 34) be **GRANTED in part**, and $8,212.49 in attorney's fees, $400.00 in costs, and $20.85 in expenses be awarded to South, and this award be paid directly to South's counsel if the United States Department of Treasury determines that no federal debt is owed by her. This Report also recommends denying the request for $24.00 in paralegal fees.

Reported in Fort Myers, Florida on August 1, 2021.

NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE

4

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. **To expedite resolution, parties may file a joint notice waiving the 14-day objection period.**